IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHAREEF K. MERRITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:12-CV-744-WC |
| | ) [WO] |
| | ) |
| LT. GARDNER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Shareef K. Merritt ["Merritt"], a former inmate, on August 29, 2012. In this complaint, Merritt challenges actions/conditions to which he was subjected during a previous incarceration at the Montgomery County Detention Facility.[1]

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials in which they addressed the claims for relief presented by Merritt. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Merritt in the complaint. Specifically, these documents demonstrate that the defendants did not act with deliberate indifference towards the plaintiff nor did they subject Merritt to conditions which involved the wanton and unnecessary infliction of pain.

In light of the foregoing, the court issued an order directing Merritt to file a response

---

[1] It is undisputed that Merritt suffers mental health issues and during his confinement at the Montgomery County Detention Facility repeatedly disrobed and exposed himself to a female correctional officer, defecated on the floor, barked like a dog and acted in a disruptive manner.

to the defendants' written report. *Order of October 19, 2012 - Doc. No. 24*. The order advised Merritt that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Merritt for filing a response in compliance with the directives of this order expired on November 6, 2012. As of the present date, Merritt has failed to file a requisite response in opposition to the defendants' written report. The court therefore concludes this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear dismissal of this case is the proper course of action. Merritt is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Merritt's actions indicate a loss of interest in the continued prosecution of this case and the report filed by the defendants indicates that no violation of the Constitution occurred. Finally, Merritt has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of the orders entered in this case. It is therefore apparent that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and the lack of merit to his claims warrant dismissal.

A separate order will accompany this memorandum opinion.

Done this 13th day of November, 2012.

        /s/ Wallace Capel, Jr.
        WALLACE CAPEL, JR.
        UNITED STATES MAGISTRATE JUDGE